### THOMAS DOHERTY *vs.* THE COMMONWEALTH.

It is not error that the record in a criminal case states the proceedings to have been had "at the superior court for the Commonwealth of Massachusetts," although the true name of the court is "the superior court."

A record which sets forth that J. S. was convicted of maintaining a common nuisance, that the case was continued for sentence, and that at the next term "J. S., convict as aforesaid," was sentenced, sufficiently shows for what offence he was sentenced.

In the record of a criminal case, the certificate of the indictment by the foreman of the grand jury need not be inserted.

WRIT OF ERROR, to reverse a judgment of the superior court. The record began thus : "Commonwealth of Massachusetts. Norfolk, ss. At the superior court for the Commonwealth of Massachusetts, begun and held at Dedham within and for the county of Norfolk," on December 5, 1870. Then followed the indictment, charging the plaintiff in error with keeping and maintaining a tenement for the illegal sale and keeping of intoxicating liquors, the same being by force of the statute a common nuisance. The record then set forth the trial at September term ; that the jury " returned their verdict therein, and upon oath said that the said Thomas Doherty was guilty ; and thence the same was continued for sentence to the present term ; and now the said Thomas Doherty is brought into court here, and the district attorney moves the court for sentence ; and . n the twelfth day of December, A. D. 1870, it is considered and ordered by the court that the said Thomas Doherty, convict as aforesaid, be punished by the payment of a fine of fifty dollars, to the use of the county of Norfolk, and costs of prosecution, and that he stand committed until this sentence be performed.

Doherty *v.* Commonwealth.

The errors assigned were : " 1, that there was no such court as that purporting to render judgment ; 2, that no offence was sufficiently charged ; 3, that it did not appear for what offence or cause the plaintiff in error was sentenced ; and 4, that the indictment did not appear to be certified or otherwise signed."

*P. R. Guiney*, for the plaintiff in error.

*C. R. Train*, Attorney General, *& J. C. Davis*, Assistant Attorney General, for the Commonwealth.

CHAPMAN, C. J. The first error assigned is, that the caption of the record describes the court as " the superior court for the Commonwealth of Massachusetts," whereas its true name is " the superior court." But if the additional words were not properly used in describing the court, they would mislead no one, as it is a court of general jurisdiction ; and they might be rejected as surplusage.

The second error assigned, namely, that no offence is sufficiently charged, is waived.

The third error assigned is, that it does not appear for what offence or cause the plaintiff in error was sentenced. The record recites the conviction of the plaintiff of the offence of keeping a nuisance, a continuance of the cause for sentence, and that on the day stated " it is considered and ordered by the court that the said Thomas Doherty, convict as aforesaid, be punished by the payment of a fine of fifty dollars," &c. It thus sufficiently appears what the conviction and sentence were for, and that both were for the same thing.

The fourth error assigned is, that the indictment does not appear by the record to be certified or otherwise signed. The answer to this is, that in the record the signature or certificate of the foreman need not appear. 1 Bishop Crim. Proc. (2d ed.) § 1176.

*Judgment affirmed.*